IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SHONDA MCCASLAND, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:17-cv-195 |
| | § | |
| | § | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | § | |
| | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, Shonda McCasland, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an employee benefits plan under ERISA, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction over the Plaintiff's claim for long term disability benefits is invoked under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject long-term disability policy constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Shonda McCasland, (hereinafter "Plaintiff"), is, and was at all relevant times, a resident of Humphreys County, Tennessee.

5. Plaintiff alleges upon information and belief that Defendant Unum Life Insurance Company of America (hereinafter, "Unum") is the party obligated to administer claims and pay benefits under the Vanderbilt Medical Center Long Term Disability Insurance Plan, of which Plaintiff is a beneficiary.

6. Unum is the underwriter for Long Term Disability Group Policy Number 520994, issued by Unum to Vanderbilt Medical Center.

7. Unum is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

## FACTS

8. Plaintiff was employed by Vanderbilt Medical Center as a XXX.

9. Vanderbilt Medical Center maintained and maintains group long term disability insurance

for the benefit of its employees, funded by Group Insurance Policy No. 520994, issued by Unum to Vanderbilt Medical Center.

10. Vanderbilt Medical Center's provision of group insurance coverage constitutes an ERISA welfare benefit plan.

11. Plaintiff is a participant or beneficiary of the Plan and is covered by the Policy that provides long term disability benefits under the Plan.

12. Plaintiff ceased work effective October 29, 2002, due to back and neck pain caused by degenerative disc disease.

13. Plaintiff filed a timely application for benefits under the Plan.

14. That application for benefits was approved, and Unum paid benefits through October 16, 2015

15. By letter dated October 16, 2015, Unum denied further benefits, concluding that Plaintiff had improved such that she could now perform her own occupation.

16. Then acting *pro se*, Plaintiff timely appealed that denial.

17. During the course of that appeal, Unum was provided with the opinion of her treating neurologist, Dr. Shilpi Mittal, restricting her to part-time schedule of six hours per day, three to four days a week. This amounts to only 18 to 24 hours per week.

18. Unum did not dispute this assessment, but instead obtained a vocational analysis that purported to identify several sedentary clerical occupations that would allow Ms. McCasland to earn a gainful wage on the basis of Bureau of Labor Statistics wage data.

19. Unum again denied the claim, but allowed an additional appeal on grounds it had changed its rationale.

3

20. Assisted by counsel, Plaintiff again appealed Unum's decision.

21. Plaintiff provided updated medical records, including results of a neuropsychological evaluation. Plaintiff demonstrated deficits with respect to fine motor speed and with visual motor processing and recall.

22. Deficits to dexterity and visual motor processing and recall would prevent Plaintiff from performing the types of clerical work relied upon by Unum to deny benefits.

23. Plaintiff also demonstrated based upon Bureau of Labor Statistics wage data that the jobs identified by Unum would not constitute gainful occupations when performed on the part-time work schedule allowed by Dr. Mittal.

24. Nevertheless, by letter dated June 1, 2017, Unum upheld its denial.

25. Though Unum had previously accepted and relied on Dr. Mittal's opinion, Unum now obtained a file review by a non-examining medical consultant to conclude that Plaintiff could perform sedentary exertion on a full time basis.

26. Though permitted by the policy, Unum never obtained an examination of Plaintiff.

27. Unum acted arbitrarily to reject the opinions of Plaintiff's physicians without a personal examination.

28. Unum acted arbitrarily to adopt and rely on the opinion of Dr. Mittal when believing that opinion supported termination of benefits, only to reject that opinion when it was point out that Dr. Mittal's opinion would not, in fact, allow Plaintiff to earn a gainful wage.

29. Unum acted arbitrarily to terminate benefits after 13 years without evidence of medical improvement.

30. Plaintiff has exhausted her required administrative remedies under the long term

disability plan.

31. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

32. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

33. The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision-making.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**FOR PLAN BENEFITS AGAINST THE DEFENDANT**</u>
<u>**PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**</u>

PLAINTIFF incorporates the allegations contained in paragraphs 1 through 33 as if fully stated herein and says further that:

34. Under the terms of the policy, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

35. Plaintiff is disabled under the terms of the Plan.

36. Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

37. The decisions to deny benefits were wrong under the terms of the Plan.

38. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

39. The decisions to deny benefits were not supported by substantial evidence in the record.

40. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the

5

amount equal to the amount of benefits to which he would have been entitled to under the Plan.

41. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Defendant or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the LTD Plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 11th day of July, 2017.

                          Respectfully submitted

                    BY:     */s/ R. Scott Wilson*
                           R. Scott Wilson (#019661)
                           The Wilson Firm, PLLC
                           2288 Gunbarrel Road
                           Suite 154, #225

Chattanooga, TN  37421
(423) 498-6511
Fax (423) 498-6512
Eric Buchanan & Associates, PLLC
*Of Counsel*
swilson@wilsondisability.com

7

Case 1:17-cv-00195-TRM-CHS    Document 1    Filed 07/11/17    Page 7 of 7    PageID #: 7